## RICHARD SLOAN *vs.* JOEL HAYDEN & others.

The plaintiff agreed to work for the defendants by a contract which provided that as security for its fulfilment they might keep back part of his wages until it was fulfilled "to their entire satisfaction." They wrongfully discharged him, without any breach of the contract by him. *Held*, that they could not withhold any part of his wages under the pretence that he had not worked to their satisfaction.

CONTRACT for work and labor against Joel Hayden, Joel Hayden, Jr., Sereno Kingsley and Collins Gere, doing business under the name of Hayden, Gere & Company. At the trial in the Superior Court, before *Brigham*, C. J., it appeared that the parties entered into a written contract by which the plaintiff agreed to work for the defendants for three years, for certain stipulated wages, " to be diligent and faithful, and conform to the rules of the shop ; " and " as security for the fulfilment of this contract said Hayden, Gere & Company are to retain and keep back twenty-five per cent. of said Richard's wages until this contract is fulfilled to their entire satisfaction ; " that the rules of the shop provided that any violation of them should subject the offender to " a forfeiture of all wages remaining unpaid ; " that the plaintiff worked for the defendants under this contract; that the de-

fendants discharged him before the expiration of the three years and that they had retained twenty-five per cent. of his wages. The plaintiff contended that he was discharged without due cause. The defendants contended that they discharged him because he violated the rules of the shop. No question was made as to the pleadings.

"The judge instructed the jury that they were to determine whether or not the plaintiff had violated his contract and the rules referred to therein ; that if he had, he could recover nothing ; but that if he had not, he could recover the contract price for his labor. The defendants asked the judge to instruct the jury that unless the plaintiff had fulfilled his contract to the satisfaction of the defendants, he could not recover. The judge refused to give said instruction, and gave the jury no instruction in regard to the matter set out in the defendants' prayer."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. M. Stearns & M. P. Knowlton*, for the defendants.

*G. D. Robinson*, for the plaintiff.

MORTON, J. By the contract between the parties, the plaintiff agreed to work for the defendants at stipulated wages, " to be diligent and faithful, and conform to the rules of the shop." It contains the provision, that " as security for the fulfilment of this contract said Hayden, Gere & Company are to retain and keep back twenty-five per cent. of said Richard's wages until this contract is fulfilled to their entire satisfaction." The rules of the shop provide that any violation of them shall subject the offender to " a forfeiture of all wages remaining unpaid." The presiding judge construed this contract as providing that any violation of the rules of the shop by the plaintiff would work a forfeiture of all unpaid wages, and instructed the jury that if he had violated his contract or the rules of the shop, he could recover nothing. This was sufficiently favorable to the defendants. The verdict of the jury, under these instructions, settles that the plaintiff has not violated the contract or the rules of the shop. It determines that he has performed his contract and was unjustifiably discharged by the defendants.

Sloan *v.* Hayden.

The defendants claim that all his unpaid wages are forfeited under the last clause of the contract cited above. We cannot so construe the contract. That clause does not provide that the plaintiff shall forfeit his unpaid wages if he fails to perform the contract to the satisfaction of the defendants. So unjust a liability ought not to be imposed upon him unless he has clearly so stipulated. The defendants had a right to retain twenty-five per cent. of the plaintiff's wages, but it was to be " as security for the fulfilment of this contract." The effect of this clause was to place a fund in their hands to secure the performance of the contract. But the plaintiff having fully performed the contract, the defendants have no longer a right to retain the security. The provision that the fund is to be held by the defendants until the contract is fulfilled to their entire satisfaction, must be construed to mean their reasonable satisfaction. Thus construed it is consistent with the former provision of the same clause, by which the fund is made security merely, to protect the defendants against any damages to them by a breach of the contract by the plaintiff. Any other construction would allow the defendants unreasonably to deprive the plaintiff of his wages when he had, in good faith, fully performed the contract, and to treat the fund as liable to forfeiture at their caprice. We cannot think that this was the intention of the parties.

In this view of the contract the instructions given were sufficient. They required the jury to find that the plaintiff had fully performed his contract, which necessarily involved a performance to the reasonable satisfaction of the defendants. The instruction requested was based upon a different view of the contract, and was properly refused.

The defendants rely upon the case of *McCarren* v. *McNulty*, 7 Gray, 139. There the plaintiff sued upon an executory contract, by which he agreed to make for a society a book case, " in a good, strong and workmanlike manner, to the satisfaction of the president of the society." The book case was not accepted by the president, nor in fact delivered to the society. The facts of that case differ so widely from those of the case at bar that it is inapplicable. *Exceptions overruled.*