·  GARDNER C. HAWKINS *vs.* JOHN C. GRAHAM.

Suffolk.   March 22, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Contract* — "*Satisfactory Completion*" *of Subject Matter.*

A contract in writing recited that a person agreed with a mill-owner to furnish and set up a system of heating in his mill according to tests and requirements described, and for a price to be paid upon its "satisfactory completion"; if such person was unable properly to heat the mill in accordance "with the requirements," and was unable to do so within ten days after notice of that fact, he was to remove the system at his own expense, it being distinctly understood that the providing of the entire system was to be done at his own risk absolutely; "in the event of the system proving satisfactory and conforming with all the requirements," the price was to be paid to him "after such acknowledgment has been made by the owner or the work demonstrated." *Held,* that the satisfactoriness of the system was to be determined, not according to the private taste and liking of the mill-owner, but by the mind of a reasonable man, and by the means afforded by the contract.

CONTRACT for breach of an agreement in writing, which was as follows:

"Philadelphia, December 21, 1885.

"Mr. John C. Graham : —

"I do hereby agree that for and in consideration of the sum of fifteen hundred and seventy-five (1,575) dollars, to be paid me upon the satisfactory completion of the following system of heating to be established in your new mills, located at the N. E. cor. of 19th and Hamilton Streets, Philadelphia, Penn., as follows, viz.: to furnish and set up (no foundations included) in complete and first-class working order, one steam fan, having an engine affixed thereto of $6\frac{1}{2} \times 7$ inch cylinder of first-class workmanship and material, together with a heater containing a sufficient and ample quantity of one-inch wrought-iron steam piping, properly applied on the inside of a wrought-iron casing, all of which to be erected in proper working order in such portions of the buildings, where found most convenient for the establishment and where directed by yourself.

"The system of heating to be entirely dependent upon the exhaust steam from your engine at an indication of 40 H. P., and to be of such construction as to readily as well as easily heat or raise the temperature, at any point or portion of the entire buildings into which heat from said heater may be conducted, to the temperature of seventy degrees (70°) Fahr. in the coldest weather that may be experienced; and further, that the application of said system is to avoid any back pressure upon the mill engine, or not increase any that may exist when my heater is attached, and that the erection and construction of the vertical pipes (we have arranged for one line of pipes from the vertical standpipes already 12" decimeters and shall not attach any more unless found necessary, as explained to you, they being the only kind required) shall be executed in accordance with the plans and specifications prepared by myself and under my personal supervision and direction.

"Further, the entire work is to be finished within eighteen (18) days from date of this contract, either by permanent or temporary means; if temporary, no extra charge whatsoever to be made, excepting such charges on the temporary machine as regards freight to and from our works, and clearing up. It

is further declared, and distinctly understood, that in the event of my not being able to properly heat every portion of the buildings as hereinbefore provided for, and in accordance with the requirements as above set forth, upon a ten (10) days' notice from yourself, to the effect that the buildings are not being properly and sufficiently heated, and I cannot so heat it in ten days thereafter, I shall and will at my own expense remove all the machines and appurtenances belonging to the system, leaving the entire mill in a condition equal to that prior to the introduction of the same. In this event, no charges of any kind will be made by me on account of any of the aforesaid work; it being distinctly understood that the providing of the entire system is to be done at my own risk absolutely. In the event of the system proving satisfactory, and conforming with all the requirements as above provided for, the sum of $1,575 as above provided for to be paid me, after such acknowledgment has been made by the owner or the work demonstrated.

"Gardner C. Hawkins."

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence that the plaintiff made the offer contained in the above agreement, and that the defendant accepted such offer.

The defendant contended that all the words of the contract were to be taken into consideration in its interpretation; that, in addition to the other requirements of the contract, the system of heating must prove satisfactory to the defendant; and that not till the satisfactory completion of the system and its proving satisfactory to the defendant was anything due to the plaintiff; and the defendant offered evidence, not only that the system would not and did not do the heating as guaranteed, but that it did not prove satisfactory to the defendant, and that it had not been completed satisfactorily to him, and such acknowledgment had never been made by him.

The judge ruled that this contract did not come within the scope of the case of *Brown* v. *Foster*, 113 Mass. 136, and similar cases, and that if the plaintiff had fulfilled his contract in the other particulars required, he was entitled to recover, notwithstanding the dissatisfaction of the defendant; that under the contract the plaintiff was not bound to make the system satisfactory to the defendant, and that evidence on that point was

immaterial; and that the trial should proceed on the theory that the satisfaction of the defendant was substantially eliminated from the case.

The plaintiff's evidence showed that the temperature of the different stories of the defendant's mill, which was one hundred and ninety-six feet long by fifty feet wide, and seventy-five feet high, varied, and that the temperature near where the hot air entered the rooms was higher by several degrees, in some instances as much as ten degrees, than in the more remote portions of the rooms, the hot air being introduced into the rooms at only one place, at the end of each room.

The judge gave no instructions to the jury on the question of satisfaction.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. Hemenway & F. L. Washburn,* for the defendant.

*S. Lincoln,* for the plaintiff.

HOLMES, J. The only question in this case is whether the written agreement between the parties left the right of the plaintiff to recover the price of the work and materials furnished by him dependent upon the actual satisfaction of the defendant. Such agreements usually are construed, not as making the defendant's declaration of dissatisfaction conclusive, in which case it would be difficult to say that they amounted to contracts, (*Hunt* v. *Livermore,* 5 Pick. 395, 397,) but as requiring an honest expression. In view of modern modes of business, it is not surprising that in some cases eager sellers or selling agents should be found taking that degree of risk with unwilling purchasers, especially where taste is involved. *Brown* v. *Foster,* 113 Mass. 136. *Gibson* v. *Cranage,* 39 Mich. 49. *Wood Reaping & Mowing Machine Co.* v. *Smith,* 50 Mich. 565. *Zaleski* v. *Clark,* 44 Conn. 218. *McClure Bros.* v. *Briggs,* 58 Vt. 82. *Exhaust Ventilator Co.* v. *Chicago, Milwaukee, & St. Paul Railway,* 66 Wis. 218. *Seeley* v. *Welles,* 120 Penn. St. 69. *Singerly* v. *Thayer,* 108 Penn. St. 291. *Andrews* v. *Belfield,* 2 C. B. (N. S.) 779.

Still, when the consideration furnished is of such a nature that its value will be lost to the plaintiff, either wholly or in great part, unless paid for, a just hesitation must be felt, and clear language required, before deciding that payment is left to the

will, or even to the idiosyncrasies, of the interested party. In doubtful cases, courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant. *Sloan* v. *Hayden*, 110 Mass. 141, 143. *Braunstein* v. *Accidental Death Ins. Co.* 1 B. & S. 782, 799. *Dallman* v. *King*, 4 Bing. N. C. 105.

By the written proposition which was accepted by the defendant, the plaintiff agrees, " in consideration of the sum of fifteen hundred and seventy-five dollars, to be paid me upon the satisfactory completion of the following system of heating . . . in your new mills, . . . to furnish and set up, . . . in complete and first-class working order," certain things. Then follow conditions, tests, and other undertakings. Then " it is further declared . . . that in the event of my not being able to properly heat every portion of the buildings . . . . in accordance with the requirements as above set forth," upon ten days' notice " that the buildings are not being properly and sufficiently heated, and I cannot so heat it in ten days thereafter," the plaintiff will remove the machines at his own expense. " In this event, no charges of any kind will be made by me on account of any of the aforesaid work; it being distinctly understood that the providing of the entire system is to be done at my own risk absolutely. In the event of the system proving satisfactory, and conforming with all the requirements as above provided for, the sum of fifteen hundred and seventy-five dollars as above provided for to be paid me, after such acknowledgment has been made by the owner or the work demonstrated."

The last words " or the work demonstrated," offer an alternative to the owner's acknowledgment. They imply, that, if the work is demonstrated, it is satisfactory within the meaning of the contract, although the owner has not acknowledged it. The previous words, " and conforming with all the requirements," tend the same way. The ten days' notice contemplated is not a notice that the owner is dissatisfied, but that the buildings " are not being properly and sufficiently heated," and the right to give it is conditioned upon the plaintiff's " not being able to properly heat every portion of the buildings," etc. Taking these phrases with the test prescribed, that the system is " to readily as well as easily heat or raise the temperature at any point . . .

to the temperature of seventy degrees (70°) Fahr. in the coldest weather that may be experienced," etc., we are of opinion that the satisfactoriness of the system and the risk taken by the plaintiff were to be determined by the mind of a reasonable man, and by the external measures set forth in the contract, not by the private taste or liking of the defendant.

*Exceptions overruled.*