PERSON NOYES vs. COMMERCIAL TRAVELLERS' EASTERN
ACCIDENT ASSOCIATION.

Middlesex.  November 23, 1905. — January 4, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance, Accident.  Fraternal Beneficiary Association.  Contract,* Construction.  *Evidence,* Burden of proof.

In an action on a certificate issued by a fraternal beneficiary association, to recover an indemnity for the loss of a leg by a railroad accident, if it appears that the plaintiff seasonably filed with the defendant a claim for indemnity, as required by the terms of the certificate, containing a sufficient statement of his claim, in proving his case in court he is not to be limited to the details of fact or evidence contained in his preliminary statement.

In an action on a certificate issued by a fraternal beneficiary association, agreeing to indemnify the plaintiff against disability caused by external, violent and accidental means, and containing a provision that the indemnity shall be paid " within sixty days from the receipt by its board of directors of proof satisfactory to said board of the particular disability suffered by said member," it is a question for the jury whether the plaintiff furnished proof which reasonably should have satisfied the directors.

In an action on a certificate issued by a fraternal beneficiary association, agreeing to indemnify the member against disability caused by external, violent and accidental means, but excepting accidents caused by the member's voluntary exposure of himself to unnecessary danger, accidents which the member by the exercise of ordinary care might have prevented, accidents to which his own negligence contributed, and accidents caused by disease, if the defendant relies on any of these exceptions as a defence to the plaintiff's claim, the burden is on him to show that the accident is within the exception, and the plaintiff, having proved that his disability was caused by external, violent and accidental means, is not called upon to disprove the existence of facts which would bring his case within the exceptions.

In an action on a certificate issued by a fraternal beneficiary association, agreeing to indemnify the member against disability caused by external, violent and accidental means, but excepting accidents caused by the member's voluntary exposure of himself to unnecessary danger, accidents which the member by the exercise of ordinary care might have prevented, accidents to which his own negligence contributed, and accidents caused by disease, if there is evidence that the plaintiff, a man seventy-eight years of age, was on the platform of a railroad station, and, as his train approached, walked forward on the platform near the side of the train before it stopped, intending to take a forward car, when suddenly without any apparent cause his right foot gave way and he fell in such a way that his left foot was crushed by the train, the questions whether the plaintiff was negligent, and whether the sudden giving way of the foot without apparent cause was a disease are for the jury.

CONTRACT by a member of a fraternal beneficiary association, incorporated under St. 1894, c. 367, upon his certificate of membership, to recover $2,500 as an indemnity for the loss of his left leg by an accident on August 24, 1904.    Writ dated December 31, 1904.

In the Superior Court the case was tried before *Bell*, J.    It appeared that the certificate sued upon was as follows:

" No. 1008.

" Commercial Travellers' Eastern Accident Association doth hereby certify that Person Noyes of Lowell, Mass., has this day been elected a member of said Association ; and, in consideration of the receipt from said member of the entrance fee, the warranties and agreements in his application for membership contained, the payment by said member of all assessments levied by the Board of Directors, and the faithful compliance by said member with the By-Laws of said Association, doth hereby covenant and agree with the said member, his executors and administrators, as follows, that is to say: —

" 1st.    That within ninety days from the receipt by the Board of Directors of the said Association of proof satisfactory to said Board of the death of the said member, and that his death has been caused wholly and entirely by external, violent, and accidental means, which (except only in case of accidental death by drowning) shall leave upon the body of said member an external and visible mark, the said Association, provided the death of the said member shall have occurred within ninety days from the happening of the said means of death, will pay to Adelaide A. Noyes (his wife) the amount realized from one Death Assessment of two dollars levied upon each surviving member of the said Association, not to exceed the sum of five thousand dollars ($5,000).

" 2nd.    That if said member shall suffer disability caused by external, violent, and accidental means, which shall leave upon the body of said member an external and visible mark, the said Association, in accordance with the provisions of its By-Laws, within sixty days from the receipt by its Board of Directors of proof satisfactory to said Board of the particular disability suffered by said member, will from the amount realized from one

Disability Assessment of two dollars levied upon each member of said Association, pay to said member, whose name is above written, indemnity as follows, that is to say : —

"*A.* For the loss of both eyes or of the sight of both eyes, or for the loss of both legs, or of both arms, or of one arm and one leg, the total amount realized from said assessment, not to exceed the sum of five thousand dollars ($5,000).

"*B.* For the loss of one leg, or of one arm, or for an injury which alone, in the judgment of a competent surgeon, selected by the Board of Directors, has caused total disability, rendering said member unable to perform any duties or follow any occupation for a period of not less than two years, and who shall have been, by said Board, adjudged to be permanently totally disabled, one-half of the amount realized from said assessment, not to exceed the sum of twenty-five hundred dollars ($2,500).

"*C.* For the loss of one eye or the sight of one eye, one-fourth of the amount realized from said assessment, not to exceed the sum of twelve hundred and fifty dollars ($1,250).

"Provided, that any loss above named shall have occurred within three calendar months after the accident which caused it; and provided further, that the word loss as applied to arm or leg is hereby construed and agreed to mean actual amputation; and provided further, that any sums theretofore paid to said member suffering said permanent disability, as weekly indemnity under clause D of this section of this certificate, for the same disability, shall be deducted from said larger sum.

"And upon payment to said member of either of the sums above named, the liability of the Association shall cease, and this certificate of membership shall thereafter be null and void.

"*D.* For temporary total disability the sum of twenty-five dollars ($25) for each and every week during which said disability has existed, and thereafter a like sum of twenty-five dollars for each and every week that said member shall furnish to said Board of Directors satisfactory proof of the continuance of such total disability. But in no event shall the said member be paid the said sum of twenty-five dollars per week for a longer period than fifty-two weeks, or a sum greater in the aggregate than the total amount realized from the said assessment.

" The foregoing covenants and agreements are upon the follow-ing express conditions, that is to say : —

" (Extract from By-Laws. Art. VIII.) No indemnity shall be paid to any member for any disability or injury of which there shall be no external and visible mark on the body of the member, nor for any injury caused wholly or in part, directly or indirectly, by hernia, fits, vertigo, somnambulism, insanity, or dis-ease in any form, or by gas, or poison in any form, contact with poisonous substances, surgical operations, medical treatment, duelling, fighting, boxing or wrestling, war, riot, lifting or over-exertion, suicide, sunstroke, freezing, riding or driving in races, or voluntary exposure to unnecessary danger; nor for any injury or accident happening to a member while under the influence of intoxicating drinks, or of drugs, or of gas, or in consequence of having been under such influence, nor while or in consequence of violating the law; or while mining, blasting, or wrecking, or while employed in the manufacture, sale, or transportation of any explosive compound. Nor for any injury which the member, by the exercise of ordinary care, prudence, and foresight, might have averted or prevented, or to which the member's own negli-gence shall have contributed. Nor shall any indemnity be paid to the beneficiary of any member for the death of said member resulting from an injury caused wholly or in part, directly or indirectly, by either of the foregoing causes.

" No indemnity for either death or disability shall be paid unless the person claiming such indemnity shall give immediate notice in writing to the Secretary and Treasurer, setting forth the name of the member, the number of his certificate, full par-ticulars of the injury, the names and addresses of the attending physician and of all persons who saw the accident happen, or the injury inflicted, so far as the same can, by the exercise of due diligence and good·faith by the claimant, be obtained. Nor unless direct and affirmative proof of the death or disability shall be furnished the Association within six months from the happen-ing of any accident causing such death or disability, upon forms established by the Board of Directors.

" No indemnity for death shall be paid unless the physician and surgeon appointed by the Board of Directors be permitted to examine the body of the member whose death is alleged to

have been caused by accident, and for whose death indemnity is claimed, nor unless an autopsy is allowed upon said body if required. And no indemnity for disability shall be paid unless said physician and surgeon be allowed to examine the body of the member claiming such indemnity, when and as often as such physician and surgeon deems it necessary so to do in the interests of the Association.

" (Order of Board of Directors.)   Ordered — That it shall be the duty of each member of the Association to give to the Secretary immediate notice of any change in the occupation, residence, or postoffice address of such member.

" In Witness Whereof, the said Commercial Travellers' Eastern Accident Association, hath caused its corporate seal to be affixed hereto, and these presents to be signed by its President and Secretary and Treasurer, at Boston, in the Commonwealth of Massachusetts, this twenty-third day of March in the year one thousand eight hundred and ninety-five.

[Corporate Seal.]   " Edwin A. Towne, President.
    " Lauris J. Page, Secretary and Treasurer."

The plaintiff put in evidence a notice of injury on the form required by the defendant dated August 31, 1904, which had been delivered seasonably by him to the company.. It stated the time and place of the accident, and described its cause as follows : " Was knocked down by a moving train in the railway station at South Lawrence, Mass. falling under the cars in such a way that the wheel passed over my left foot, crushing it, so that amputation was necessary." It gave the names of three physicians and surgeons attending the plaintiff, and gave the names and residences of one Riley and one Nugent as persons who saw the accident. The plaintiff also put in evidence his claim for indemnity dated October 20, 1904, made out upon the required form and seasonably delivered to the defendant. It contained, among others, the following questions and answers :

" 5. Were the injuries received by you through external, violent and accidental means ? Yes.   6. What was the nature of the accident causing the injuries ?   Railroad accident. 7. What was the cause of the accident which you have described in your answer to Question No. 9 and which resulted in

your being injured? Bodily contact with a moving train.
8. What was the nature of the injury received? (Describe
fully.) Left foot crushed necessitating amputation of the left
leg below the knee. 9. What external and visible marks did
the injury leave upon your body? (Describe and give exact
location of each.) A crushed leg skin and muscles torn."
"13. What were you doing at the time of the happening of the
accident? Hurry forward for my train at South Lawrence
(5.45 P. M.) for Lowell. I wanted to get into the forward car
for my convenience the train had not come to a full stop at the
time. 14. Could you, by the exercise of ordinary care, pru-
dence and foresight, have averted or prevented the injuries? or
the accident causing the injuries? No."

The plaintiff's claim for indemnity and the statements of the
witnesses Nugent and Riley constituted the only proof of the
alleged accident and the consequent injury to the plaintiff
which the plaintiff filed with or submitted to the defendant's
board of directors as a compliance with the requirements of the
defendant's by-laws, the rules and orders of the board of direc-
tors, and the contract between the plaintiff and the defendant.
The defendant or its board of directors never asked the plaintiff
for further or additional proof.

The plaintiff then offered in evidence the plaintiff's written
deposition, taken on May 1, to which, at the time of its taking,
the defendant had objected upon the ground that the evidence
of the plaintiff was incompetent, irrelevant and immaterial. It
was agreed that the deposition might be used as evidence in the
same manner as if the plaintiff were present in court and testi-
fying as to the facts deposed to, if his evidence was otherwise
competent.

The defendant objected to the introduction of the deposition
and to the introduction by the plaintiff of any evidence other
than the writings put in evidence, which included those above
described, and requested the judge to rule as follows:

"The plaintiff is bound by the written proofs of injury filed
by him with the defendant's board of directors in compliance
with the rules and orders of said board and the by-laws of the
association and cannot at the trial introduce other or further evi-
dence of his injury or of any accident causing such injury, such

other or further evidence not having been theretofore submitted to the said board of directors in compliance with said by-laws and said rules and orders of said board."

The judge refused to make this ruling, and against the objection of the defendant admitted the deposition and the oral testimony of Nugent and Riley and of one Stevens.

The deposition of the plaintiff tended to show that the plaintiff, a man seventy-eight years of age and weighing one hundred and eighty pounds, at about 5.45 P. M. on August 24, 1904, fell under the cars of a moving train at the South Lawrence station and sustained thereby the loss of his left leg at a point eleven inches below the knee, by actual amputation under the following circumstances: The plaintiff came out of the waiting room intending to take the train for Lowell Junction, which then was moving into the station; he walked toward the train and when within five or six feet of it stopped to ascertain, by glancing toward the rear of the train, its length and the probable stopping point of the forward passenger coach into which he intended to go for his own convenience as he wished to avoid walking and to save his strength; that while he was so standing the forward coach passed him; that he then turned to walk forward alongside the train to the forward coach and as he turned his right foot gave way; that he threw up his hands and tried to gain his equilibrium; that in trying to recover his balance he fell and his left leg went under the wheel of the moving train. The plaintiff deposed that he did not know what caused his foot to give way and that it never before had given way in a similar manner.

On cross-examination the plaintiff deposed that his statements made in his claim for indemnity were true; that at the time of his injury he was bearing his weight on his right foot; that all of a sudden it went down; that he did not stub his toe; that for some unknown cause his foot went out from under him; that he turned, and then came that motion to recover himself; that on April 22, 1905, he suffered a stroke of paralysis.

The testimony of the witnesses Riley, Nugent and Stevens tended to show that the plaintiff came out of the waiting room and walked toward the train which then was moving into the station; that the plaintiff stopped when within five or six feet of the moving train; that while he was so standing his right

foot gave way; that he lost his balance and fell, and his left leg went under the wheels of the moving train; and that there was no obstruction on the platform to cause his fall.

The defendant called the clerk of its board of directors who produced the records of the board showing that at a legal meeting of the board held on November 26, 1904, the following vote was adopted:

" Voted: That the proof submitted on October 22, 1904, by Person Noyes, Certificate No. 1008, of his total disability caused by accident is not satisfactory to this board and that his claim for indemnity be disallowed."

The clerk of the board of directors testified that no proofs of the accident and the consequent injuries to the plaintiff had been filed with or submitted to said board other than the writings mentioned.

It did not appear that any hearing before the board of directors was asked by the plaintiff or offered by the defendant.

The defendant requested the judge to give various instructions, of which the judge gave two, which are printed at the bottom of the next page, and refused the others. Among those refused were the following:

" 1. On the evidence the plaintiff is not entitled to recover under the contract between the plaintiff and the defendant association."

" 3. The plaintiff is bound by the written proof of injury filed by him with the defendant's board of directors in compliance with the rules and orders of said board and the by-laws of the association and cannot at the trial introduce other or further evidence of his injury, such other or further evidence not having been theretofore submitted to the board of directors.

" 4. The written proof of injury filed by the plaintiff with the defendant's board of directors does not set forth a legal claim against the defendant association under the terms of the contract.

" 5. The burden is on the plaintiff to prove that the written proof of the plaintiff's injury filed by the plaintiff with the defendant's board of directors, was proof satisfactory to said board of the plaintiff's injury within the terms of the contract; the plaintiff has not sustained this burden of proof and cannot recover."

" 13. If the plaintiff, a man of the age of seventy-six * years, was for his own convenience hurrying to get into the forward part of a train which was in motion and which the plaintiff knew was in motion and in such hurrying the plaintiff came into bodily contact with such moving train and was thereby injured, such injury was an injury which the plaintiff by the exercise of ordinary care, prudence and foresight might have averted or prevented and the plaintiff cannot recover.

" 14. If the plaintiff, a man of the age of seventy-six * years, was for his own convenience hurrying to get into the forward part of a train which was in motion and which the plaintiff knew was in motion and in such hurrying the plaintiff came into bodily contact with such moving train and was thereby injured, such injury was an injury to which the plaintiff's own negligence contributed and the plaintiff cannot recover."

" 18. The infirmity of the plaintiff resulting in the loss of control of the action of his legs is a form of disease within the meaning of the contract and the fall of the plaintiff being due to the loss of his control of the action of his legs resulting from his infirmity, the resulting injury was caused in part and indirectly by disease and the plaintiff cannot recover."

" 21. The burden is upon the plaintiff under his declaration to show that the plaintiff was in the exercise of due care at the time he received his injury.

" 22. The defendant's board of directors having decided that the proofs of injury submitted to said board by the plaintiff was not ' proof satisfactory to said board' of the plaintiff's injury under the terms of the contract between the plaintiff and the defendant, the plaintiff cannot recover in this action."

The judge gave the following instructions requested by the defendant:

" 2. The burden is on the plaintiff to prove that his injury and the agency which produced it were caused solely by external, violent and accidental means."

" 15. If the fall of the plaintiff, which resulted in his foot being crushed by a moving train, was due to a fit, vertigo, somnambulism or any form of disease, the injury to the plaintiff's

---

* It appeared by the bill of exceptions that the age of the plaintiff was seventy-eight years.

foot was caused in part and indirectly by such fit, vertigo, somnambulism or disease and the plaintiff cannot recover."

The judge further instructed the jury that it was the duty of the plaintiff to submit to the defendant's board of directors only such proof of the accident and its consequent injury to the plaintiff as would be satisfactory to a reasonable person of such accident and injury, and that it was for the jury, and not for the defendant's board of directors, to say whether or not such proof as the plaintiff had submitted to the board of directors should have been proof satisfactory to the board within the meaning of the by-laws and of the contract.

The judge further instructed the jury that the burden was upon the defendant to prove that the accident and the consequent injury to the plaintiff came within the exceptions set forth in the certificate limiting the defendant's liability, namely, that it was an accident or an injury to which the plaintiff's own negligence contributed.

The jury returned a verdict for the plaintiff in the sum of $2,500 with interest from the date of the writ; and the defendant alleged exceptions.

*W. F. Merritt & N. T. Merritt, Jr.*, for the defendant.

*J. J. Hogan & W. A. Hogan*, for the plaintiff.

KNOWLTON, C. J.     This is an action of contract, brought by a member of the defendant fraternal benefit association, to recover $2,500 as an indemnity for the loss of a leg by a railroad accident. To maintain the action the plaintiff, at the trial, was bound to establish two propositions: First, that the accident was within the terms of the contract creating a liability; and secondly, that he furnished to the defendant, as required by the contract, satisfactory proof of the particular disability suffered by him.

The defendant objected to a part of the evidence offered to support the first proposition, on the ground that it was not included in the proof of disability furnished by the plaintiff as a preliminary to the bringing of the action. This objection was founded on the decision in *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, in which it was said that corrections of mistakes, in proofs of death, "are not for the first time to be made known to the insurers at the trial of the action to recover for the loss, by the introduction of evidence showing that the statements

filed were not true in a material fact, which, if it existed as stated, was fatal to the right of the insured to recover." In *Hogan* v. *Metropolitan Ins. Co.* 164 Mass. 448, the court said, in referring to the decision, with a citation of authorities: "This case has not been generally followed in other jurisdictions. . . . In this Commonwealth it has never been treated as enunciating a doctrine of universal application, nor extended to facts differing from its own." See also *Abraham* v. *Mutual Reserve Fund Assoc.* 183 Mass. 116. In *Cluff* v. *Mutual Benefit Ins. Co.* 99 Mass. 317, 324, Mr. Justice Wells, in giving the opinion, used these words: "When an apparent ground of defence is disclosed by a separate and unnecessary narration of circumstances, and the proofs required by the policy are complete without that narration and disclosure, it cannot be said that the party has failed to comply with the condition imposed upon his right to litigate his claim; and the effect of such disclosure to defeat the action must depend upon the degree to which the plaintiff is bound by the statement."

There is no reason why a plaintiff, in the proof of the first of these two propositions, should be limited to details of fact or evidence contained in the statement of his claim made to the company under the requirements of the contract. The real question between the parties arises more naturally in another way, that is, whether the plaintiff has furnished a sufficient statement or proof of his claim, in accordance with the contract, as a condition of his right to recover. If he has failed to do this he cannot maintain his action. Proof furnished at the trial will not take the place of proof required to be furnished before bringing an action. If in the essentials to be furnished, the statement is fatally defective, it is useless to try to maintain one's case by evidence offered in court.

Whether in the present state of the law, the doctrine declared in *Campbell* v. *Charter Oak Ins. Co.* 10 Allen, 213, should be held applicable to a part of the statement or proof of loss not required to be made, which, if true, would establish a fact that might be relied on as a defence, it is unnecessary now to decide. The proofs filed with the board of directors by the plaintiff in this case show no bar to the maintenance of the action, and the evidence was rightly admitted.

The next question is whether the decision of the board of directors, that the proofs filed by the plaintiff were not satisfactory to them, leaves him without a right to recover. The defendant's contention is that the contract makes their decision conclusive. Under language like that used in this contract, this is not the rule of law. An accident insurance policy provided " that, before payment of the sum insured by any policy, proof satisfactory to the directors of the company should be furnished by the claimant of the death or accident," etc., and it was held in *Braunstein* v. *Accidental Death Ins. Co.* 1 B. & S. 782, 789, that this meant proof reasonably satisfactory, and that the board could not deprive the plaintiff of his right by unreasonably refusing to be satisfied. Similar decisions have been made in many cases. *Hawkins* v. *Graham*, 149 Mass. 284, 287. *Webber* v. *Cambridgeport Savings Bank*, 186 Mass. 314, 315. *Sloan* v. *Hayden*, 110 Mass. 141. *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25, 26. *Charter Oak Ins. Co.* v. *Rodel*, 95 U. S. 232, 237. *Bowen* v. *National Life Assoc.* 63 Conn. 460, 473. The language in this contract is different in meaning from that under which one undertakes to do or furnish something to the satisfaction of the other party, into which considerations of taste or personal preference may enter. It calls for a result to be reached in a reasonable way, in accordance with a standard stated in words. There is an implication that the directors will act reasonably, and the requirement is the same as if the words " acting reasonably " were inserted, in connection with the words " said board."

The defendant contends that the proofs furnished by the plaintiff could not properly be found by the jury to be reasonably satisfactory, as a foundation for payment by the defendant. They were furnished upon forms established by the board of directors, as required by the contract, and all the questions were answered. They contained affirmative statements of all facts necessary to entitle the plaintiff to recover, namely, that he had suffered disability caused by external, violent and accidental means, which left an external, visible mark upon his body, and they showed the particulars of the disability. The only objection to the proofs is that, according to the contention of the defendant, they showed facts which relieved the defendant from liability, namely, that the injury was caused by the plain-

tiff's voluntary exposure of himself to unnecessary danger, and that it was an injury which the plaintiff might have prevented by the exercise of ordinary care, or was an injury caused by disease. These matters are referred to in the contract as conditions whose existence will bar recovery. When a defendant relies upon such matters as a defence to a contract in this form, the burden of proof is upon him to establish the facts referred to in the conditions. *Freeman* v. *Travelers' Ins. Co.* 144 Mass. 572. *Badenfeld* v. *Massachusetts Accident Assoc.* 154 Mass. 77. *Keene* v. *New England Accident Assoc.* 161 Mass. 149. The plaintiff was not called upon in his proof of disability to negative the existence of such facts. *Cluff* v. *Mutual Benefit Ins. Co.* 99 Mass. 317, 324.

But even if the statement of such a fact might be fatal to his claim, which we do not intimate, we find nothing to justify the defendant's contention. The grounds for this contention are, that the circumstances of the accident, as detailed by the plaintiff and his two witnesses, Riley and Nugent, show a voluntary exposure to unnecessary danger, or negligence on his part, as matter of law, or that the injury was caused by disease and not by accident.

We are of opinion that the questions involved in this contention were all for the jury. The plaintiff, a man seventy-eight years of age, was on the platform of a railroad station, about to take a train which was entering the station. He walked forward on the platform, near the side of the train, before it stopped, with a view to take a forward car, when suddenly, without any apparent cause, "his right foot gave way," and he fell, coming in contact with the train, and his foot was crushed. Upon this description of the accident, it cannot be said as a matter of law that he was negligent. His foot had never before given way in a similar manner. So far as appears, the injury was entirely accidental. In this particular the judge could not rule that the accident prevented the plaintiff from recovering. *Badenfeld* v. *Massachusetts Accident Assoc.* 154 Mass. 77, 84. Nor can it be said, as a matter of law, that such a disorder as the sudden giving way of his foot, without apparent cause, was a disease within the meaning of the contract, such that the plaintiff is precluded from recovery for this reason. See *Manufacturers' Accident*

*Indemnity Co.* v. *Dorgan,* 58 Fed. Rep. 945, a decision by the United States Circuit Court of Appeals, in which the meaning of a similar provision is discussed in the opinion by Judge Taft. See also *Winspear* v. *Accident Ins. Co.* 6 Q. B. D. 42; *Lawrence* v. *Accidental Ins. Co.* 7 Q. B. D. 216. There was no error in the refusal of the judge to give the instructions requested.

*Exceptions overruled.*