HERMAN P. HANDY *vs.* NANCY E. BLISS.

Barnstable.    November 8, 1909. — February 2, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Building contracts, Performance and breach, Construction, Implied in law. *Practice, Civil,* Rulings and instructions. *Payment. Waiver.*

Where a contractor makes with a landowner a contract in writing to construct a building upon the land, and the contractor fails to perform his contract in some

particulars so that he cannot maintain an action thereon against the owner for an unpaid balance of the contract price, he may bring an action on a *quantum meruit* and declare upon an account annexed containing an item "Balance due on the contract," but he cannot recover unless he has made an honest attempt fully to perform the contract in pursuance of an honest intention to do so, and unless there has resulted from his efforts such an approximation to complete performance that the owner obtains substantially what was called for by the contract, although not exactly so, and although because of omissions and imperfections in the carrying out of the contract there should be, in what is allowed under the *quantum meruit*, a deduction from the contract price.

The substantial performance of a building contract, which, if accomplished by the contractor in pursuance of an honest attempt to carry out an honest intention fully to perform the contract, will entitle the contractor to some recovery on a *quantum meruit* if he has not been paid for what he has accomplished, may be none the less substantial because the work is not complete in all respects, or because in it there have been omissions that cannot be supplied by the owner except at great expense or with great risk to the building, or omissions which could not be supplied exactly as called for by the contract without taking down the building to its foundations, if such omissions affect the value of the building for use or otherwise so slightly as to be hardly appreciable.

If a contractor, who has made an honest attempt fully to perform a building contract in pursuance of an honest intention to do so, has effected a substantial performance thereof and has not been paid for what he has accomplished, he may recover therefor on a *quantum meruit* although the building contract contained a clause that it should be performed "to the entire satisfaction and approval of the owner," if the only disapproval and dissatisfaction of the owner under the circumstances is not reasonable.

If a contractor, who has made an honest attempt fully to perform a building contract in pursuance of an honest intention so to do, has effected a substantial performance thereof and has not been paid for what he has accomplished, he may recover therefor on a *quantum meruit*, and such recovery is not prevented merely by the fact that he intentionally omitted to do certain things which were called for by the contract, if he honestly believed that under the contract the things omitted were not called for, and in good faith intended to do all that he had agreed to do.

The erection of a building upon real estate ordinarily confers a benefit upon the owner and he should not be permitted to escape payment for it on account of a personal idiosyncrasy; and therefore a provision in a building contract that the work should be done "to the entire satisfaction and approval of the owner," requires that the owner should act reasonably in determining whether the work is satisfactory.

A provision in a building contract, that the decision of an architect therein named as to the true construction and meaning of the specifications should be final, is binding upon the parties; and, if the architect in good faith decides that certain things were called for by the specifications and should be done by the contractor and the contractor thereupon does such things, he cannot thereafter in an action of contract recover therefor as for extra labor performed and materials furnished outside of the contract.

A provision in a building contract that no payment made under the contract should be construed to be an acceptance of defective work or improper materials, does not mean that, upon a question whether there has been an acceptance by the

owner, a payment without objection may not be considered in connection with other evidence, as other similar conduct may be considered, so far as it indicates the owner's purpose and state of mind; but it means merely that such a payment does not in itself constitute such an acceptance.

CONTRACT in three counts, the first for $1,250, a balance alleged to be due under the terms of a contract in writing in accordance with which the plaintiff was to construct for the defendant a dwelling house at Pocasset, the plaintiff alleging that he had performed the contract in every particular; the second upon an account annexed for extra materials and labor furnished outside the contract, amounting to $1,444.50, and the third upon an account annexed which included the extras named in the second count and also, as item 1, "Balance due on the contract, $1,250." Writ dated August 18, 1905.

Besides an answer containing a general denial and an allegation of payment, the defendant filed a declaration in set-off, claiming allowances amounting to $1,287.13, for expenditures alleged to have been made by her in payments to others in having the building built according to the contract with the plaintiff.

The case was referred to John H. Burke, Esquire, as auditor, and, after the auditor's report was filed, was tried before *Hardy*, J.

The following portions of the contract are material:

" Art. II. It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final. It is also understood and agreed by and between the parties hereto that such additional drawings and explanations as may be necessary to detail and illustrate the work to be done are to be furnished by said architect, and they agree to conform to and abide by the same so far as they may be consistent with the purpose and intent of the original drawings and specifications."

" Art. X. It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either

wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

There was a dispute between the parties as to what was included in the specifications referred to in the contract. The defendant contended and introduced evidence tending to show that there were included therein two pages called "General Conditions," which the plaintiff contended and introduced evidence tending to show were not so included. The only provisions among such "General Conditions" that are material are the following:

"These specifications are intended to embrace all labor and all materials necessary in the erection and completion of the proposed work in all its parts, the whole to be comprised within any contract which may be made for the same. The entire work to be performed in a first class good substantial and workmanlike manner in every instance, and according to the accompanying drawings and these specifications, to the full extent and meaning of the same, and to the entire satisfaction and approval of said owner."

There was evidence bearing on the questions, whether the plaintiff had performed the contract substantially, whether he intentionally had failed to do so, whether the contract was performed to the satisfaction of the defendant, and, if not, whether her dissatisfaction was reasonable.

The architect was the husband of the defendant. The plans, specifications and contract for this house were drawn by him. He was not an architect by profession, being a retired lumber dealer, and had had no technical training as an architect. He had drawn plans of other buildings for his wife, and in a few instances for others. By the terms of the contract the work was to be done under his direction and control. These facts were known to the plaintiff at the time he entered into the contract, except that the character of the qualifications of the plaintiff's husband as an architect were not known.

Among the items for extra labor and materials included under the second and the third counts, were items for "extra cost of heavy soil pipe" and "labor on same," "extra on mantels made to order, special design," and "floor in attic." The plaintiff contended that none of the foregoing items were included in the

specifications. The defendant's husband, named as architect in the contract, had told the plaintiff that they were all included in the specifications and accordingly had ordered the work to be done in accordance with his interpretation of the contract.

At the close of the evidence, besides asking the judge to make the rulings referred to in the first paragraph of the opinion, the defendant asked for the following:

" That if the jury should find that the original specifications contained pages one and two entitled ' General Conditions,' then the burden is on the plaintiff to show: (1) that the entire work was performed in a first class, good, substantial and workmanlike manner in every instance; if he does not so show he cannot recover in this action; (2) that the burden is on the plaintiff to show that the entire work was performed in accordance with the drawings and specifications accompanying this contract to their full extent and meaning, or he is not entitled to recover in this action; (3) the plaintiff must show that the entire work was to the entire satisfaction and approval of the owner, or he cannot recover in this action.

" That the condition as to the entire work being done to the entire satisfaction and approval of the owner is a binding condition, and that if they shall find that the owner in good faith is dissatisfied, or does not approve of this work in any particular, no matter how trivial, the plaintiff cannot recover; and the fact of whether that dissatisfaction or disapproval is reasonable or unreasonable is of no consequence."

Other rulings, which the defendant asked for and the presiding judge refused, are described in the opinion.

The jury found for the plaintiff in the sum of $2,207; and the defendant alleged exceptions.

*O. Ray*, for the defendant.

*W. A. Morse*, (*F. J. Geogan* with him,) for the plaintiff.

KNOWLTON, C. J. This is an action to recover a balance due a contractor for the construction of a building. One of the counts was upon an account annexed, which opened to the plaintiff the right of recovery upon a *quantum meruit* for labor and materials. The defendant requested, among others, the following instructions:

" That if the jury believe that pages one and two of the speci-

fications entitled, ' General Conditions' were a part of the contract, there can be no recovery on the ground of substantial performance.

"If the jury shall be of the opinion that pages one and two of the specifications entitled ' General Conditions ' were not a part of the original contract, then that where a payment is due only on completion of the contract, as here, the plaintiff must show substantial completion ; that is, if the plaintiff unknowingly omitted to do certain things required by the contract, and they are of such a nature that the work is complete in all material respects, then the contractor may recover the contract price less what it would necessarily cost to complete the work, but the performance so far as it goes must be in exact compliance with the terms of the contract; that to constitute substantial performance a general adherence to the plans and specifications is not sufficient, the builder not being entitled to wilfully or carelessly depart from minute details or to leave his work incomplete in any material respect; that the builder is not entitled to make changes that are so substantial that an allowance out of the contract price will not give the owner substantially what he contracted for, or to omit work that cannot be done by the owner except at great expense or with great risk to the building.

"That this doctrine of substantial performance does not apply where omissions by the builder were intentional, or where the contract is to be performed to the satisfaction of the owner."

The law relative to the matters mentioned in these requests has been considered in different cases, and it was discussed at length in *Bowen* v. *Kimbell*, 203 Mass. 364. To entitle the plaintiff to recover in a case of this kind there must be an honest intention to perform the contract and an attempt to perform it. There must be such an approximation to complete performance that the owner obtains substantially what was called for by the contract, although it may not be the same in every particular, and although there may be omissions and imperfections on account of which there should be a deduction from the contract price. It is not necessary that the work should be complete in all material respects, nor that there should be no omissions of work that cannot be done by the owner except at great expense

or with great risk to the building. There may be omissions of that which could not afterwards be supplied exactly as called for by the contract without taking down the building to its foundations, and at the same time the omission may not affect the value of the building for use or otherwise, except so slightly as to be hardly appreciable. Notwithstanding such omission, there might be a substantial performance of the contract.

There is no reason why the doctrine of substantial performance should not apply where the contract is to be performed to the satisfaction of the owner, according to the usual meaning of this expression as applied to contracts of this kind, namely, to his satisfaction, so far as he is acting reasonably in considering the work in connection with the contract. This doctrine does not apply where the builder intends not to perform the contract. But an intentional omission to do certain things called for by the contract, if he believes that they are not called for, and intends in good faith to do all that he has agreed to do, does not prevent the application of the doctrine. These requests for rulings were rightly refused.

Another request numbered three,* relates to the requirements that the work should be done " to the entire satisfaction and approval of the owner." The question is whether this language means that the owner must act reasonably in determining whether the work is satisfactory, or whether, if he acts in good faith, he may decline to be satisfied and refuse his approval upon a whimsical and unreasonable exercise of personal taste or prejudice. Sometimes it is difficult to determine which construction should be given to a contract of this kind. Cases in which the language has been given the former meaning are, *Hawkins* v. *Graham*, 149 Mass. 284; *Noyes* v. *Commercial Travellers' Eastern Accident Association*, 190 Mass. 171; *Lockwood Manuf. Co.* v. *Mason Regulator Co.* 183 Mass. 25. See *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 227; *Cashman* v. *Proctor*, 200 Mass. 272; *Webber* v. *Cambridgeport Savings Bank*, 186 Mass. 314. Contracts which are given the latter meaning are found in *Williams Manuf. Co.* v. *Standard Brass Co.* 173 Mass. 356; *White* v. *Randall*, 153 Mass. 394; *Whittemore* v. *New York, New Haven, & Hartford Railroad*, 191 Mass. 392.

---

* This request is quoted in full, *ante*, p. 517.

Where the subject matter of the contract seems to involve questions of personal taste or prejudice, and especially when in such a case no benefit will pass under the contract unless the work is accepted, there is more reason for giving such language the latter construction. But as was said in *Hawkins* v. *Graham, ubi supra*, " When the consideration furnished is of such a nature that its value will be lost to the plaintiff, either wholly or in great part, unless paid for, a just hesitation must be felt, and clear language required, before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In different cases, courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant."

The erection of a building upon real estate ordinarily confers a benefit upon the owner, and he should not be permitted to escape payment for it on account of a personal idiosyncrasy. Indeed, under the law of Massachusetts, this question is usually of little practical application to contracts for buildings upon real estate; for if the contract is not performed by reason of the failure of the owner to be satisfied with that which ought to satisfy him, there can be a recovery upon a *quantum meruit;* and in most cases the deduction that would be made from the contract price, for the difference between the literal performance of the contract and that which would have been a complete performance if the owner had acted reasonably and accepted the work, would be little if anything. This request for an instruction was rightly refused.

The instruction requested " that Article II of this contract, to the effect that the decision of the architect as to the true construction and meaning of the drawings and specifications shall be final, is à condition binding upon the parties " was correct, and should have been given. It is well established that, where a building contract makes the architect an arbitrator between the parties to determine practical questions of construction that arise under the plans and specifications in the execution of the work, his decision upon these matters is binding. *Norcross* v. *Wyman*, 187 Mass. 25. *Hubbard* v. *Dewey*, 191 Mass. 403. This rule of law had an important bearing upon the claims of the plaintiff for extra work, about which there was a dispute

between the parties as to whether the labor and materials charged for as extra were included in the drawings and specifications. The defendant was entitled to have the jury instructed as to the law applicable to this provision of the contract, in its application to the matters in controversy. The judge refused to give the instruction, and there is nothing to indicate that he said anything to the jury equivalent or similar to it. Indeed, the bill of exceptions gives what purport to be his instructions in regard to extra work, and they contain nothing touching this subject. The exception to the refusal to give this instruction must be sustained.

The defendant also requested three other instructions, which were a concrete application of this provision of the contract to specific matters in dispute under the plaintiff's claim for extra work, and these were also correct statements of the law, if, without express language to that effect, we may assume that the architect's construction of the specifications referred to in each request was his real construction, made in good faith, and not a pretended or fraudulent construction. In the present case there are circumstances from which it might be contended that the architect was not acting fairly. The fact that he was the husband of the owner, and acted as her agent in procuring the erection of the building and in dealing with the plaintiff while the work was going on, brings the question of good faith into prominence. It may be that the judge was not obliged to give these instructions because they did not in express terms include the element of good faith as entering into the architect's conduct. But the judge's attention was directed to these important subjects, upon which the jury well might have been instructed.

The defendant is right in her contention that, under article ten of the contract, no payment shall be construed to be an acceptance of defective work or improper materials. This does not mean that, upon a question whether there has been an acceptance by the owner, a payment without objection may not be considered, in connection with other evidence, as other similar conduct may be considered, so far as it indicates his purpose and state of mind. It simply means that such a payment does not of itself constitute such an acceptance. The instruction requested on this question properly might have been given, although it was

included with another instruction that was not called for by the evidence.

The request for an instruction, that upon the " auditor's report the plaintiff cannot recover the balance due on the contract price," evidently had reference to the fact that certain amounts which were allowed by the auditor as a set-off should have been used directly in diminution of the contract price. This did not affect the result, and the request was covered in substance, although not in terms, by the language of the charge.

*Exceptions sustained.*