Oscar Erikson, Defendant in Error, *vs.* James R. Ward, Plaintiff in Error.  ·

*Opinion filed December 16, 1914—Rehearing denied Feb. 3, 1915.*

1. Building contracts—*a failure to perform cannot be based upon changes ordered by the owner.* An owner who, after letting a contract for a building according to certain plans and specifications, makes changes in such plans and specifications, cannot make such changes the basis of a claim that the contractor has failed to perform the contract.

2. Same—*construction of the words "to the satisfaction" of the owner.* Where a building contract provides for the construction of a building according to certain plans and specifications prepared by the owner's architect, in a good, workmanlike and substantial manner, "to the satisfaction" of the owner, the words "to the satisfaction" mean a satisfaction reasonably, and not merely arbitrarily, exercised.

3. Same—*a contractor is not held to a literal compliance with contract.* Where the contractor has honestly performed a building contract in its essential and material particulars, he is not deprived of all right of recovery because there has been a failure to carry out the contract in unimportant matters.

4. Actions and defenses—*when refusal to dismiss because of another action pending is proper.* A refusal to dismiss an action at law by a building contractor because a mechanic's lien suit involving the same subject matter is pending and undetermined is proper, as the remedies are concurrent and a recovery and satisfaction in one case will operate as a bar to the other.

5. Appeals and errors—*when question of failure to prove contractor's license cannot be considered.* The claim that no recovery was authorized in an action at law by a building contractor because it was not shown that he had a contractor's license, as required by ordinance, cannot be considered by the Supreme Court, where such objection is not among the numerous reasons for a new trial specified in the written motion therefor.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. W. N. Cottrell, Judge, presiding.

James R. Ward, *pro se.*

MATHER & HUTSON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court: .

Defendant in error, Oscar Erikson, (hereafter called plaintiff,) filed his statement of claim in the municipal court of Chicago on March 17, 1911, against plaintiff in error, James R. Ward, hereafter called defendant. Plaintiff's right of action was based upon a certain building contract entered into by the respective parties July 9, 1907, wherein plaintiff agreed to furnish the material and construct a building for defendant according to certain plans, specifications and ordinances, for an agreed price of $4800, the building to be finished by November 1, 1907. The statement of claim alleged $2300 to be due and unpaid under the contract and $195 due for extras not included in the contract, together with interest thereon from November 1, 1907. Defendant filed his affidavit of merits denying plaintiff's demand, and assigned as reasons that plaintiff had not completed the building according to plans, specifications and ordinances, setting out in much detail what constituted the failure, and setting up a counter-claim for various items necessary to be done to complete the building in conformity with the plans and specifications, together with rents lost because the building was not completed as per the contract, amounting in all to $3017. Defendant further filed a motion to dismiss plaintiff's suit, and assigned as the reason therefor that January 16, 1908, plaintiff instituted a mechanic's lien proceeding against defendant in the superior court for the same amount here claimed, and that much testimony had been taken in such proceeding, which suit was still pending and undetermined. The motion of defendant to dismiss was denied and trial of the issues had by jury October 31, 1911. On November 2, 1911, and during the progress of the trial, plaintiff filed an amended statement of claim admitting some sixteen changes had been made from the plans and specifications,

and alleging the same were made at the request of defendant during the progress of the work. On the same day the defendant filed an amended affidavit of merits denying the allegations of plaintiff's amended statement of claim. November 14, 1911, the jury returned a verdict in favor of plaintiff for $2000, and after a *remittitur* of $45 by the plaintiff the court overruled defendant's motions for a new trial and in arrest of judgment and entered judgment against defendant for $1955 and costs of suit. Upon appeal to the Appellate Court the judgment of the municipal court was affirmed, and the case comes to this court for review upon a writ of *certiorari* issued by this court.

The principal errors alleged going to the merits of the case are the rulings of the court in the giving and refusing of instructions and in the admission and rejection of testimony. It is also urged the court erred in denying defendant's motion to dismiss or abate the suit on account of the pendency of the mechanic's lien suit; also it is claimed the proof shows the building was not constructed in compliance with the ordinances of the city of Chicago, and that this should have been held sufficient to defeat plaintiff's right to a recovery.

The contract provided that plaintiff was to furnish the labor and material and construct the building for $4800. It was to be completed on or before November 1, 1907, and was to be constructed according to plans and specifications made by architect Walter, in a good, workmanlike and substantial manner, "to the satisfaction" of defendant, under the direction of the architect, the consideration to be paid in sums in proportion to the progress of the work. On the first day of August defendant paid, in accordance with the architect's certificate, $600. On the fifth of August he discharged the architect and did not employ any other architect or superintendent but thereafter superintended the building himself. August 15 he paid plaintiff $1400 on the contract and October 17 $500, making a total paid

on the contract of $2500. He thereafter refused to make
further payments, for the reason he claimed the work had
not been done in accordance with the contract, plans and
specifications.

It is insisted the court erroneously construed the pro-
vision of the contract that the work was to be done ac-
cording to the drawings and specifications, to the satisfac-
tion of the defendant, under the direction of the architect,
and erroneously instructed the jury as to the rights of the
parties under the terms of the agreement.

Whether plaintiff honestly and in good faith performed
the contract was an issue of fact made by the pleadings
and submitted to the jury. (*Shepard* v. *Mills,* 173 Ill.
223.) Plaintiff offered proof tending to show that except
for the changes directed and approved by defendant he did
perform the contract in all its material and substantial par-
ticulars. Defendant offered proof to the contrary. Not-
withstanding the facts are not open to review by us, they
have been elaborately argued by both parties. Defendant
contends the proof shows plaintiff did not substantially
perform the contract, and that the law is when a builder
neglects to perform or intentionally omits the performance
of substantial work required by the contract there can be
no recovery. By the instructions given on behalf of plain-
tiff the court told the jury that literal compliance with the
plans and specifications was not necessary to a recovery;
that if the evidence showed plaintiff had in good faith
performed the contract substantially and in all material
respects according to the plans and specifications, without
willful departure therefrom or omission in essential points,
he was entitled to recover the contract price, less the rea-
sonable cost shown by the evidence of putting the premises
in the condition they would have been in if the work had
been performed according to the plans, specifications and
ordinances. The court also instructed the jury that the
provision of the contract that the work was to be done

to the satisfaction of defendant meant satisfaction to be reasonably and not arbitrarily exercised; that upon that question the testimony of defendant that the work was not done to his satisfaction was not alone to be considered, but that all the evidence should be considered in deter-mining whether defendant in good faith, honestly and reasonably, was not satisfied with the work. As to changes in the plans and specifications the court instructed the jury defendant had a right to make changes, and if he did order changes and they were made as requested, such changes should not be considered as a failure to perform the contract. An issue of fact was made as to whether certain changes in the plans and specifications admitted by plaintiff to have been made were assented to by defendant and whether the contract otherwise was performed according to its terms. These were questions for the jury to determine. *Shepard* v. *Mills, supra.*

This court has adopted the rule sustained by the weight though not by all of the authorities, that where there has been no willful departure from a building contract in essential points but the contractor has honestly performed the contract in all its substantial and material particulars, he will not be held to have forfeited his right to recover by reason of technical, inadvertent or unimportant omissions. (*Peterson* v. *Pusey,* 237 Ill. 204; *Foster* v. *McKeown,* 192 id. 339.) We must assume the jury found plaintiff had performed the contract substantially and in all its material particulars, otherwise the verdict would not have been for plaintiff, and that in assessing the amount due plaintiff allowance was made for any damages resulting from a departure from the contract in unimportant particulars, as the verdict was for a less sum than the balance due by the terms of the agreement. The question then arises, what is the proper legal construction of the language in the contract that the work was to be done to the satisfaction of the defendant? We cannot agree that this language in

the contract authorized the defendant arbitrarily to defeat payment solely on the ground that the contract had not been performed to his satisfaction. The contract bound the contractor to furnish the materials and do the work in accordance with plans and specifications prepared by defendant's architect and under the direction of said architect. It was not a simple agreement to construct a building that would be satisfactory to defendant. If it was in good faith constructed of material and in the manner specified in the plans and specifications prepared by the defendant's architect, defendant could not refuse payment merely because he was dissatisfied. We have held that where a building contract provides the work done or the material used shall be subject to the approval of the architect before payment is to be made, a capricious and unreasonable refusal of the architect to approve the work or material will not defeat payment. In such cases the architect has not the right to arbitrarily withhold his approval, if, acting reasonably and in good faith, he ought to have been satisfied with the work or material and have approved the same. (*Badger* v. *Kerber,* 61 Ill. 328; *County of Cook* v. *Harms,* 108 id. 151; *McDonald* v. *Patterson & Co.* 186 id. 381.) It has been held that where one contracts to furnish another personal property, personal services or works of art that will give satisfaction, if the property or the services furnished are not satisfactory there can be no recovery. (*Kendall* v. *West,* 196 Ill. 221; *Williams Manf. Co.* v. *Standard Brass Co.* 173 Mass. 356; 53 N. E. Rep. 862; *Zaleski* v. *Clark,* 44 Conn. 223.) The same strictness has not usually been applied to contracts for the construction of buildings. (4 Elliott on Contracts, sec. 3710.) In *Hawkins* v. *Graham,* 149 Mass. 284, (21 N. E. Rep. 312,) the court construed a contract to furnish defendant a heating apparatus that would prove satisfactory to him and conform to all the requirements of the contract. The court said the only question to be determined was whether the

right of plaintiff to recover depended upon the actual satisfaction of defendant with the work and material furnished by plaintiff. After referring to the modern modes of business and the anxiety to make contracts inducing the placing of such provisions in a contract, the court said: "Still, when the consideration furnished is of such a nature that its value will be lost to the plaintiff, either wholly or in great part, unless paid for, a just hesitation must be felt and clear language required before deciding that payment is left to the will, or even to the idiosyncrasies, of the interested party. In doubtful cases courts have been inclined to construe agreements of this class as agreements to do the thing in such a way as reasonably ought to satisfy the defendant.—*Sloan* v. *Hayden,* 110 Mass. 141, 143; *Braunstein* v. *Insurance Co.* 1 Best & S. 782; *Dallman* v. *King,* 4 Bing. (N. C.) 105." In *Handy* v. *Bliss,* 204 Mass. 513, (90 N. E. Rep. 864,) a building contract was before the court which required the work to be performed to the satisfaction of the owner. The court said: "There is no reason why the doctrine of substantial performance should not apply where the contract is to be performed to the satisfaction of the owner, according to the usual meaning of this expression as applied to contracts of this kind, namely, to his satisfaction, so far as he is acting reasonably in considering the work in connection with the contract." After stating there is more reason for the strict construction of such contracts where the subject matter of the contract involves questions of personal taste or prejudice and no benefit would pass under it unless the work was accepted, the court said: "The erection of a building upon real estate ordinarily confers a benefit upon the owner, and he should not be permitted to escape payment for it on account of a personal idiosyncrasy. Indeed, under the law of Massachusetts this question is usually of little practical application to contracts for buildings upon real estate, for if the contract is not performed by reason

of the failure of the owner to be satisfied with that which ought to satisfy him there can be a recovery upon a *quantum meruit."*

The instructions given on behalf of plaintiff were in harmony with the law laid down in the cases cited, which, in our judgment, announce a just and proper rule.

The court did not err in overruling defendant's motion to dismiss or abate the suit in this case on account of the pendency of the mechanic's lien suit. They were concurrent remedies, and a recovery and satisfaction in one case would operate as a bar to the other. *Templeton* v. *Horne,* 82 Ill. 491; *West* v. *Flemming,* 18 id. 248; *Delahay* v. *Clement,* 3 Scam. 201.

It is further contended by defendant that no recovery was authorized because it was not shown plaintiff had a contractor's license, as required by the ordinances of the city of Chicago. Whether there is any merit in this contention we think is not here open to review. Defendant filed a written motion in the trial court for a new trial, assigning twenty-two reasons therefor, but in none of them was it stated that a new trial should be granted for the reason that it was not proven the plaintiff had a license. Where a party files a written motion for a new trial he will be held to have waived all causes therefor not set forth in his written motion. *Ottawa, Oswego and Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104; *Hintz* v. *Graupner,* 138 id. 158; *West Chicago Street Railroad Co.* v. *Krueger,* 168 id. 586; *Illinois Central Railroad Co.* v. *Johnson,* 191 id. 594.

A careful investigation of this record fails to disclose to us any meritorious ground for reversing the judgment, and it is affirmed. *Judgment affirmed.*