LOCKWOOD MANUFACTURING COMPANY *vs.* MASON
REGULATOR COMPANY.

Suffolk. January 14, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction. *Words*, "In a satisfactory manner."

An agreement to make certain pumps for a contractor, who intends to place them
in a pumping station of a city, guaranteed "to work in a satisfactory manner",
is an agreement that the pumps shall work in a manner satisfactory to a rea-
sonable person, and not an agreement that they shall be satisfactory to the par-
ticular engineer appointed by the city to inspect them.

CONTRACT on an alleged warranty of two pumps made for the
plaintiff by the defendant under an agreement in writing with
certain specifications. Writ dated December 6, 1901.

On appeal to the Superior Court the case was tried before
*Pierce*, J., who ordered a verdict for the defendant under the cir-
cumstances stated by the court. The plaintiff alleged exceptions.

*F. H. Stewart*, for the plaintiff.

*L. G. Blair*, for the defendant.

KNOWLTON, C. J. The defendant agreed to build for the
plaintiff two steam pumps according to specifications in writ-
ing, which gave the capacity, materials, mode of construction
and other qualities of the pumps. They were afterwards built
and paid for, and this action is brought to recover damages for
an alleged breach of the warranty contained in the contract.
After receiving the specifications the defendant, in a letter to
the plaintiff, wrote as follows: "We will manufacture for you
two pumps to conform to the specifications which you sent us on
the 15th inst., and guarantee the same to work in a satisfac-

tory manner," etc. The plaintiff wanted the pumps for use under a contract with the city of Boston, to be installed in the Calf Pasture pumping station, and the specifications were prepared by a representative of the city, and were a part of the specifications in a contract between the plaintiff and the city for the construction of this pumping station. By the terms of this contract with the city, the plaintiff's work was to be subject to the inspection and acceptance of a competent person to be appointed by the engineer, and one Leavitt, acting for the city in this particular, declined to accept the pumps after they had been put in position, and ordered them taken out. This part of the plaintiff's contract was not exhibited to the defendant, but there was evidence tending to show that the defendant knew that the contract had a provision of this kind. The testimony was not clear as to whether the defendant supposed that the city's right of rejection or approval was absolute, or whether he thought it must be exercised in a reasonable manner. The defendant's offer in the letter was accepted by the plaintiff.

The plaintiff contended at the trial " that Mr. Leavitt's absolute and uncontrolled satisfaction and approval were the sole questions at issue," and declined " to go to the jury only upon the questions whether or not the pumps complied with the specifications, and whether or not Mr. Leavitt reasonably ought to have been satisfied." The judge having thereupon ordered a verdict for the defendant, the plaintiff took exceptions to the refusal of the judge to accept its construction of the contract, and to the ruling directing a verdict for the defendant.

The only question in the case is whether the words "in a satisfactory manner" mean in a manner satisfactory to a reasonable person, or in a manner satisfactory to Leavitt, however unreasonable he might be, provided he acted in good faith. In the reports there are numerous examples of contracts in which a party has undertaken to do or furnish something to the satisfaction of a particular person, as a condition precedent to his right to exact performance from the other party. *Brown* v. *Foster*, 113 Mass. 136. *White* v. *Randall*, 153 Mass. 394. *Williams Manuf. Co.* v. *Standard Brass Co.* 173 Mass. 356. *McCarren* v. *McNulty*, 7 Gray, 139. In such cases it is held that if the person mentioned, acting in good faith, is not satisfied, the contract is not

performed. But these are cases in which the decision of a particular person is referred to, as distinguished from a result to be passed upon in a reasonable way, in accordance with a standard stated in words. In the present case there was no reference in the contract to any particular use. We do not think that the defendant adopted into its contract with the plaintiff any stipulations or burdens from which the plaintiff might subsequently suffer in its dealings with the city of Boston. The words "in a satisfactory manner" were used in the letter in a general way as characterizing the working qualities of the pumps, and were not intended to impose upon the defendant any special obligation in this particular, beyond the manufacture of pumps which would do good work. We are of opinion that this case comes within the rule stated in *Hawkins* v. *Graham*, 149 Mass. 284, and that the ruling of the Superior Court was correct.

*Exceptions overruled.*