JOSEPH CELLA, BY HIS NEXT FRIEND, ADELINA CELLA, AND ADELINA CELLA, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. GEORGE ROTH, DEFENDANT-APPELLANT.

Submitted May 25, 1934—Decided September 27, 1934.

For the appellant, *Cox & Walburg*.

For the respondent, *Paul F. Cullum*.

The opinion of the court was delivered by

WELLS, J.  This is an appeal from a judgment entered in the Supreme Court in a negligence case on a verdict of a jury

in favor of the plaintiff. The suit was instituted against George Roth and Vincenzo Matassa to recover damages for injuries sustained July 27th, 1932, by the infant plaintiff, Joseph Cella, a boy twelve years of age (hereinafter spoken of as plaintiff). His mother, Adelina Cella, sued to recover expenses incurred as the result of her son's injuries. The defendant Vincenzo Matassa was not served with the summons and complaint, and the case was tried against the defendant George Roth alone, resulting in a verdict against him for the sum of $2,400 in favor of Joseph Cella, and the sum of $300 in favor of Adelina Cella.

There was considerable difference between the version of the accident as given by the plaintiff and the version given by the defendant.

Both plaintiff and defendant, however, agree that the plaintiff was struck by an automobile owned and operated by Vincenzo Matassa which at the time of the accident was proceeding in a southerly direction on the Hudson county boulevard in North Bergen township (hereinafter spoken of as boulevard).

The original complaint alleged that the plaintiff at the time of the accident was crossing the boulevard from west to east on the southerly crosswalk and that he was struck in the center of the boulevard. This was also defendant's contention. The allegation was that the accident was caused by the joint negligence of Roth and Matassa.

At the trial Matassa not appearing, the plaintiff's attorney moved to amend the complaint to allege that the plaintiff was crossing Hoboken street from south to north instead of crossing the boulevard from west to east.

The plaintiff's testimony tended to show that the defendant Roth was operating his automobile in an easterly direction up a steep incline on Hoboken street and that the plaintiff was crossing, on a green traffic light, Hoboken street from the south to the north side thereof, at the westerly side of the Hudson boulevard; that the defendant Roth disregarding a red traffic light against him on Hoboken street, drove his automobile toward the plaintiff at a fast rate of speed, com-

pelling the plaintiff to run out into the boulevard to avoid being struck by Roth's car and causing plaintiff to be struck by the automobile of Matassa coming south on the boulevard.

The answer denied the material allegations of the complaint and set up two separate and distinct defenses; the first that the plaintiff was guilty of contributory negligence, and the second, that "the alleged accident was due to the negligence of a third party, over whom this defendant had no control and for whose acts he is not responsible."

The defendant's version of the accident was that he came up Hoboken street toward the boulevard in second gear at about fifteen to twenty miles per hour; the traffic light was red against him and he came to a "dead stop," even with the sidewalk, on Hoboken street. He remained there a couple of minutes awaiting the traffic signal to change; that he didn't enter the Hoboken street crosswalk or go out on the boulevard until the traffic light changed to green; that the plaintiff was at no time on the Hoboken street crossing nor in front of defendant's car, but the crossing was absolutely clear; that during this two minute stop the accident occurred out on the boulevard.

He said that he saw a Ford car (the Matassa car) coming south in the middle of the boulevard and that this car hit the plaintiff, and stopped after it passed the curb line about twenty-five feet; that a fellow jumped right out of the car and picked up the boy, who was lying across the southerly crosswalk (that is the one running west to east over the boulevard), about twelve to fifteen feet out from the westerly curb, and went right off with the boy. This all happened in less than a minute and while defendant was at a standstill on Hoboken street.

On cross-examination defendant said the first time he saw the plaintiff was when he was falling on the pavement.

In this state of the evidence and with the undisputed proofs showing that Matassa's car and not Roth's, had collided with the plaintiff, the court charged the jury that the burden of proof was upon the plaintiff to prove his case by the greater weight of the evidence and that it was necessary

for them to find that the defendant Roth was negligent and that his negligence was the proximate cause of the injury to plaintiff; and that if it was through the negligence of Matassa and not through the negligence of Roth that the plaintiff was injured, Roth could not be held liable. After thus correctly charging the jury on the burden of proof, the court proceeded to discuss the separate defenses set up by the defendant and charged the jury as follows:

"There are two separate defenses as the court has mentioned, and in order for the defendant to be served with a verdict or receive a verdict according to those defenses, he is obliged to prove them by the greater weight of the evidence."

Then follows a reference to and explanation of contributory negligence, after which the court continued as follows:

"If you come to the conclusion by the greater weight of the evidence that it was the negligence of this third party referred to by the court as Matassa, that is, the operator of the automobile on the boulevard, going south, and you come to that conclusion, that it was his negligence that caused the boy's injury, you should not hold Roth."

After the court had concluded this main charge he asked counsel if there were any exceptions to the charge, whereupon Mr. Cox, counsel for the defendant, requested the court to charge that the defense that the accident was due to the negligence of a third party over whom defendant had no control was in the nature of an explanation rather than a separate defense. To this the court replied that it was a separate defense and asked counsel if he withdrew it and counsel said, "it is explanatory and I'll withdraw it." Whereupon the court said, "if you withdraw it that defense is out of the case."

Then occurred the following colloquy between the court and counsel for defendant:

Mr. Cox—"May I withdraw it with the stipulation that we still contend it was the fault of the other man?" The court—"You can't have the benefit of the defense and then withdraw it." Mr. Cox—"Then I will have to let it stand."

Thereupon the court, by way of supplement to his main charge said:

"You will understand, gentlemen of the jury, as the court has heretofore explained to you that if you find from the testimony in this case that the defendant in this case has proved to your satisfaction by the greater weight of the evidence any of the affirmative defenses alleged, that is to say the one of contributory negligence on the part of the boy, or the one that it was the fault of someone else, you may return a verdict in favor of the defendant.

The appellant's sole point for reversal is that there was prejudicial error in the judge's charge.

We agree with appellant in this.

In the three paragraphs hereinbefore cited, taken from the court's charge, the defendant was placed under the duty of carrying the burden of proof to show that the accident was caused by the negligence of some one other than himself.

We think this is unsound.

While the court also charged the jury that the burden was upon the plaintiff, these conflicting statements of the law, one correct and the other incorrect, required the jury to choose between them. "A jury is not required to determine what part of a contradictory charge is correct." *McLaughlin* v. *Damboldt,* 100 *N. J. L.* 127. The trial court was evidently under the impression that the defendant, Roth, by setting up the negligence of the third party as a separate defense had presented a new issue for the jury's consideration and that under the rules defendant had the burden of proving the same by the greater weight of the evidence. A matter of defense which is pleaded by way of special plea may be a defense of which the defendant could avail himself under the general issue.

We held in *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *N. J. L.* 474, which was an action brought by the beneficiary on a life insurance policy in which the defendant insurance company set up death by suicide by way of separate defense, that it was error for the trial court to charge the jury that the burden of proving that the insured came to his death by suicide rested upon the defendant insurance company.

To the same effect is *Hughes* v. *Atlantic City, &c., Railway,*

85 *N. J. L.* 212; 89 *Atl. Rep.* 769, in which this court held that defendant's right to have plaintiff bear the burden of proof upon the whole case is a substantial right of which defendant should not be deprived.

The burden of proof never shifts from the one asserting a cause of action. If the plaintiff makes out a *prima facie* case and the defendant offers an explanation which leaves the jury in a state of equipoise on the question of negligence, the defendant is entitled to a verdict. He is never under a duty of showing by the weight of the evidence that he is innocent of negligent conduct. The defendant did not have to prove by the weight of the evidence that another was guilty but was entitled to be relieved of liability if he showed enough to make the jury feel that his negligence was not proved by the greater weight of the evidence. This matter was not really one of separate defense. It was sufficiently raised by the denial of defendant's own negligence. A separate defense which must be proved affirmatively is one which is good even if the allegations of the complaint be proven, such as contributory negligence and assumption of risk. Such defenses are no part of the primary question in the case. So in the instant case the special plea was merely a special plea of defense which amounted in effect to the general issue. Therefore, the filing of it did not change the burden of proof on the main issue, namely on the question of defendant's negligence.

Respondent, however, says that if there was error in the court's charge, this error was invited by the appellant in setting up his separate and distinct plea in his pleadings, and that, therefore, the judgment of the trial court should be affirmed. We are not in accord with the respondent in this. Neither are we in accord with the respondent's further contention that if there was any error in the court's charge, the error was not prejudicial. It is true that the court did in one part of his charge, correctly inform the jury as to the burden of proof which must be borne by the plaintiff in order for him to recover but this correct statement of the law did not cure the error in the portion of the court's charge which the appel-

lant challenges in this appeal, for the reason that it is impossible to tell whether the verdict of the jury might have been the result of the erroneous portion of the charge. *Nemecz* v. *Morrison and Sherman, Inc.*, 109 *N. J. L.* 517.

The trial court in the instant case was in nowise misled by the separate defense set up in the pleadings. This is clearly indicated by the colloquy between the court and counsel for defendant, hereinbefore referred to.

We are of the opinion, for the reasons herein stated, that the charge of the court was erroneous and harmful and that the judgment must, therefore, be reversed to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.