JOSEPH COOPER, PLAINTIFF-APPELLANT, v. HYMAN SIN-
GER, TRADING AS GRAND SLIPPER COMPANY, DE-
FENDANT-RESPONDENT.

Submitted February 12, 1937—Decided April 30, 1937.

For the plaintiff-appellant, *Minturn & Weinberger* (*Harry
H. Weinberger,* of counsel; *Hyman Halpern,* on the brief).

For the defendant-respondent, *Greenburg, Wilensky &
Feinberg* (*Bernard Feinberg,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The trial judge ordered a non-
suit at the end of the plaintiff's case and the plaintiff appeals
from the judgment thereupon entered. The plaintiff had a

written contract of employment with the defendant in which he engaged to work for the defendant at a stipulated wage for a period of six months, beginning October 30th, 1933, as a designer, pattern-maker and factory foreman. The contract provided that he would give his best efforts to the work of his employer and perform his work "to the satisfaction of the employer." The defendant employer was a manufacturer of slippers.

The plaintiff worked until February 2d, 1934, when he was served with a written notice of dismissal. The written notice contained ten particularized reasons for dissatisfaction such as tardiness, disobedience, poor work, inefficiency, and the like.

The plaintiff, by his testimony in the case, proved the contract of employment, his service thereunder, and the dismissal before the end of its term and his damages. He also claimed that his services were completely satisfactory to his employer and in support of this he testified that the employer had indicated such satisfaction by saying: "* * * Some day I [plaintiff] will become a partner;" that his employer, on being asked by plaintiff whether he was satisfied with the plaintiff's work, would reply, "a hundred per cent.," and this continued approval was given by the employer even on the day the written notice of dismissal was served.

Under these circumstances, it was reversible error for the court to have granted the defendant's motion for nonsuit. On motion for nonsuit, plaintiff's testimony must be taken as literally true, together with all the legitimate inferences such testimony will support. It is true that whenever an employe contracts to perform work to the satisfaction of the employer it is the employer whose judgment shall control as to whether or not the work is satisfactory. See *Gwynne* v. *Hitchner & Yerkes, 66 N. J. L.* 97.

In the case before us, the plaintiff offered evidence from which a jury might reasonably find that the employer was satisfied with his efforts, since the undisputed testimony of the plaintiff was that the defendant had declared that he was entirely satisfied with the plaintiff's work, even on the day

of his dismissal. Now if this be true, and we must take it to be true on motion for nonsuit, then the specification of reasons for the dismissal is false since the notice clearly indicates that his work had been unsatisfactory for some time. This, therefore, raises the issue as to whether his services were in fact satisfactory to the employer or the dissatisfaction was feigned. The rule has been laid down by this court in *Gwynne* v. *Hitchner & Yerkes,* 67 *N. J. L.* 654, 659, as follows:

"In order to legalize the discharge of either workman before the expiration of his term of service, two elements must have been present in the situation—*first,* the employers must have been dissatisfied with his work, and *secondly,* the dissatisfaction must have been the cause of discharge. Either plaintiff, therefore, would exhibit a good cause of action against the defendants, if it should appear, as a result of the proof in the cause, that there was a contract of employment; that the plaintiff was discharged before the expiration of his term of service, and either that the defendants were not dissatisfied with his work, or that, however, this may have been, they did not discharge him because of dissatisfaction. There were thus, in each case, two leading questions to which, among others, proof at the trial on both sides might properly be addressed, namely, whether the defendants were dissatisfied, and whether, if they were dissatisfied, they discharged the plaintiff for that reason."

And so under the state of proof in this case there was a jury question as to whether the plaintiff was discharged because of dissatisfaction with his efforts or for some other reason.

The judgment is reversed, and a *venire de novo* allowed, costs to abide the event.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfskeil, Rafferty, Cole, JJ. 16.