22 N.J. Super. 217 (1952)
91 A.2d 626
HARRY C. HULBERT, JR., PLAINTIFF-RESPONDENT,
v.
J. PALMER COLLINS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1952.
Decided October 17, 1952.
*218 Before Judges FREUND, STANTON and CONLON.
Mr. Hubert J. Franklin argued the cause for the defendant-appellant (Messrs. Franklin & Muser, attorneys).
Mr. John T. Madden argued the cause for the plaintiff-respondent (Messrs. Dolan and Dolan, attorneys; Mr. William Martin Cox, on the brief).
PER CURIAM.
The defendant appeals from a judgment entered in the Sussex County District Court in favor of the plaintiff in the sum of $381.44 and costs, for legal services, on the ground that the trial court erred in denying defendant's motion for judgment in that the plaintiff did not prove the delivery to the defendant of a copy of his bill for services, N.J.S. 2A:13-6.
*219 The complaint alleges that legal services were rendered by the plaintiff to the defendant prior to May 19, 1951 "and on that date the plaintiff rendered his final bill therefor to the defendant"; and "the plaintiff has caused a true copy of his bill for fees, charges and disbursements to be served upon the defendant." The defendant filed a specification of defenses.
Rule 7:5-4 adopted January 1, 1952 requires a defendant to defend either by entering an appearance or by filing an answer. The complaint in this action was filed February 25, 1952, so that Rule 7:5-4 applies. No answer was filed, but certainly whatever defenses the defendant had were set up in his specifications of defenses. Rule 3:8-4 provides that "averments in a complaint * * * are admitted when not denied in the answer thereto," and by Rule 7:5-5 applies to proceedings in the county district court. The defendant's specification of defenses failed to deny, "specifically and with particularity" as required by Rule 3:9-2, the performance of a condition precedent, compliance with the provisions of N.J.S. 2A:13-6 with regard to proof of service of a copy of the bill for fees and disbursements.
The plaintiff testified on cross-examination that at least three bills had been sent to the defendant in the ordinary course of business, and that his brother-in-law served a copy of the bill upon Mr. Collins personally. The defendant made no objection to this testimony until he moved for judgment on the ground that the plaintiff did not personally mail his bills, nor have personal knowledge that his brother-in-law served the defendant. Rules 3:46, 5:2-1 and 7:1-3. However, what if any probative value the plaintiff's testimony should carry is of no moment, for the receipt of the bills is not denied and the specification of defenses does not include the charge that the plaintiff failed to comply with the provisions of N.J.S. 2A:13-6. Rule 3:8-3. The new rules, though liberalized to promote substantial justice, nevertheless require that adverse parties be apprised of claims to be met. Grobart v. Society for Establishing Useful *220 Manufactures, 2 N.J. 136 (1949); Brown v. Brown, 2 N.J. 252, (1949); Volker v. Connecticut Fire Ins. Co., 11 N.J. Super. 225 (App. Div. 1951).
Affirmed.