110 N.J. Super. 159 (1970)
264 A.2d 740
RICHARD J. FITZMAURICE, PLAINTIFF-RESPONDENT,
v.
VAN VLAANDEREN MACHINE COMPANY, ETC., DEFENDANT-APPELLANT, AND PETER VAN VLAANDEREN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1969.
Decided April 30, 1970.
*161 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Albert G. Besser argued the cause for appellant (Messrs. Hannoch, Weisman, Stern & Besser, attorneys).
*162 Mr. Charles E. Villanueva argued the cause for respondent (Messrs. Van Riper, Belmont & Villanueva, attorneys).
PER CURIAM.
Defendant Van Vlaanderen Machine Company appeals from a judgment of the Law Division awarding damages of $37,000 to plaintiff under an employment contract. The action was dismissed as to the codefendant Peter Van Vlaanderen.
Plaintiff was a business consultant specializing in marketing and sales. Defendant manufactured printing presses as well as other machinery. Sometime around November 1965 it entered into discussions which, eventually, led to its retention of plaintiff as a management consultant.
The terms of the agreement between the parties were set forth in a letter, dated February 15, 1966, addressed by plaintiff to Peter Van Vlaanderen, the company's vice-president. It recited:
This letter is to confirm our understanding in which you have agreed to engage me to provide business diagnosis and interim management for one year at $52,000.00. Fee to be paid monthly in advance. Out of pocket expenses to be reimbursed monthly. Extraordinary expenses, e.g. travel, to be agreed upon in advance.
Apart from my normal practice, I have agreed to release you from this contract three months from this date if at that time you do not find my work profitable. If this should occur, it is agreed that my fee will be $15,000.00 plus expenses. Otherwise the contract is to continue for one year. (Emphasis added.)
It was accepted by Peter Van Vlaanderen on behalf of the company on March 7, 1966.
The parties worked under this agreement until May 16, 1966, when Peter Van Vlaanderen telephoned plaintiff and told him his work was of no benefit to the company, its officers were unsatisfied and "we want to call it off." By then defendant had already paid plaintiff $15,000 plus his expenses. Plaintiff thereafter commenced the present action.
Defendant urges that (1) the contract between the parties was one for personal satisfaction, and therefore defendant *163 was not required to show a reasonable basis for its decision to terminate its relationship with plaintiff; (2) the court erred in charging the jury that the burden rested upon defendant to prove that the contract was not profitable; (3) the court erred in failing to recharge the jury when questions it propounded to the court indicated that the jury was confused, and (4) the court wrongfully excluded testimony as to the purpose behind the contract's provision that $15,000 was to be due plaintiff if the contract was abrogated three months after its inception.
Defendant argues that the contract was one of personal satisfaction, which permitted it unilaterally to cancel. Not so. The contract created an employment relationship covering a one year period, but subject to termination, at defendant's option, three months after its date if defendant did not find plaintiff's services to be profitable. The right to dissolve the contractual relationship was thus a conditional one. A personal satisfaction contract, so called, generally involves a subject matter which concerns the personal taste, fancy or feeling of another, who is thus made the sole judge of the quality of the performance. 17 Am. Jur.2d, Contracts § 366, p. 808 (1964). However, contracts which promise performance in the form of results to the satisfaction of another are in a different category and as to them, the New Jersey rule is that the party claiming dissatisfaction must act honestly and in good faith. Grobarchik v. Nasa Mortgage and Investment Co., 117 N.J.L. 33, 34 (Sup. Ct. 1936); Williams v. Hirshorn, 91 N.J.L. 419 (Sup. Ct. 1918). Gerisch v. Herold, 82 N.J.L. 605, 607-608 (E. & A. 1911). This comports with the majority rule. See 17 Am. Jur.2d, Contracts § 366, at 808-809 (1964). See also 5 Williston, Contracts (3d ed. 1961) § 675A, at 206-207; § 675B, at 210.
The contract here evidenced an intent that the continuation of plaintiff's relationship with defendant was not to be subject to the sole and unbridled discretion of defendant's officers but was to be cancellable only if they found plaintiff's *164 services not to be "profitable." Whether or not such services were profitable would appear to be measurable by commercial standards. Defendant's decision thereon was, of course, subject to the test of good faith and reasonableness. Urban Farms, Inc. v. Seel, 90 N.J. Super. 401 (App. Div. 1966); Cooper v. Singer, 118 N.J.L. 200 (E. & A. 1937). Such a construction gives due weight to the language employed by the parties, considered in the context of their dealings, imposes the least hardship upon either of the parties and cannot be said to be unfair or unreasonable. Tessmar v. Grosner, 23 N.J. 193, 201 (1957); Schnakenberg v. Gibraltar Savings and Loan Ass'n, 37 N.J. Super. 150, 155-156 (App. Div. 1955). Thus the jury was properly instructed that the test was whether defendant's conclusion that plaintiff's services were not profitable, on which it based its termination of the agreement, could fairly and reasonably have been reached under the proofs adduced.
Defendant urges that if the trial judge intended to charge that defendant carried only the burden of establishing a reasonable basis for its conclusion that its relationship with the plaintiff was not profitable, that object was nullified by his later instruction that "the burden of proving that the contract was not profitable rests with defendant." It argues that this inconsistency compels a new trial. Davidson v. Fornicola, 38 N.J. Super. 365, 371 (App. Div. 1955), certif. den. 20 N.J. 467 (1956). However, so long as the law is stated clearly and intelligently, the ultimate test is how and in what sense, under the evidence and circumstances of the trial, ordinary jurors would have understood the instructions as a whole. The fact that some expressions, standing alone, may be said to be erroneous affords no ground for reversal where the charge as a whole presents the law fairly and clearly. Ellis v. Caprice, 96 N.J. Super. 539, 546 (App. Div. 1967), certif den. 50 N.J. 409 (1967). The acid test is, would the jury be misled? Middleton v. Public Service Co-Ordinated Transport, 131 N.J.L. 322, 323 (E. & A. 1944).
*165 Our consideration of the charge in its entirety convinces us that the law applicable was accurately stated and the jury was not misled. The excerpt cited by defendant is found towards the end of the charge, in that portion thereof in which the court was illustrating its instruction as to the burden of proof. Immediately thereafter the jury was cautioned, "Your burden and the issue which you should determine is whether or not the defendant had reasonable and fair grounds upon which * * * the company was to make the termination * * *." We must assume that the jury was guided by the court's instructions. Clark v. Piccillo, 75 N.J. Super. 123, 133 (App. Div. 1962).
The absence of any objection from defendant's able trial counsel confirms our conviction that the charge was not misleading. At the argument of the motion for a new trial there still was no complaint concerning it. We need not reiterate the necessity of a prompt objection to the charge, R. 1:7-2 (formerly R.R. 4:52-1), especially in cases such as this one. Where an inconsistency in the charge is alleged counsel owes it to the court to point it out so that the court may be afforded the opportunity to clear it up and thus avoid the possibility that a retrial may become necessary.
Defendant argues that the court erred in charging that the burden of establishing facts justifying defendant's termination of the contract rested with defendant. Not so. Plaintiff did not obligate himself to perform to the satisfaction of defendant, but rather agreed to render business diagnosis and management services for the term of one year. Only upon the establishment of a contingency, i.e., the failure of defendant to find his work to be profitable, did he agree to release defendant from its obligation. Where a party seeks to avoid a contractual obligation by reason of the happening of an event or condition stipulated in a contract, the burden of establishing the occurrence of the condition rests upon the party asserting it. R.R. 4:9-2, now R. 4:5-8(b). See 110-112 Van Wagenen Avenue Co. v. *166 Julian, 101 N.J. Super. 230, 237-239 (App. Div. 1968), certif. den. 52 N.J. 490 (1968); Hulbert v. Collins, 22 N.J. Super. 217 (App. Div. 1952); 5 Williston, Contracts (3d ed. 1961) §§ 667-667A, at 144 et seq. Moreover, proof of the happening of such an event amounted, in effect, to a separate affirmative defense, a defense "which is good even if the allegations of the complaint be proven * * *." Cella v. Roth, 113 N.J.L. 458, 463 (E. & A. 1934). Inasmuch as defendant asserted, both in the pretrial order and in its opening to the jury, the unprofitability of retaining plaintiff by way of avoidance of its obligations under the contract, this amounted, in effect, to an affirmative defense as to which the burden of proof rested upon defendant. R.R. 4:8-3, now R. 4:5-4; N.J. Mtge and Invest. Co. v. Dorsey, 33 N.J. 448 (1960); Nat'l Prem. Budget Plan Corp. v. Nat'l Fire Ins. Co., 97 N.J. Super. 149, 205 (Law Div. 1967), aff'd 106 N.J. Super. 238 (App. Div. 1969); Morrone v. Morrone, 44 N.J. Super. 305, 313 (App. Div. 1957).
Defendant further argues that even if it be found that the charge was correct the court should have recharged the jury because questions it propounded to the court during its deliberations evidenced that it was "confused." After 2 1/2 hours of deliberating the jury submitted the following questions to the court: "If the defendant does not seem to have satisfactorily assumed the burden of proof that no profit was made by result of the relationship, is there any degree of profit? In other words, does employment for one day before termination have as much validity as three months?" The trial judge had determined to further charge the jury but because he was presiding at another trial he had not done so when the jury reached its verdict approximately one hour later. After assurance by the jury that it no longer required the answers to its questions, the 10-2 verdict for plaintiff was received.
While we do not condone the court's delay in responding to the jury's questions, we find no error in the omission to recharge. We are not at all clear that the *167 jury was confused. Assuming that it (or one or more of its members) may have been confused at some time during its deliberations, we are satisfied that defendant suffered no prejudice thereby. Cf. Springdale Park v. Andriotis, 30 N.J. Super. 257, 265 (App. Div. 1954). It is to be assumed that the jury followed the court's charge in arriving at its verdict. Clark v. Piccillo, supra, 75 N.J. Super., at 133. There was ample credible evidence upon which it could have based its verdict. Dolson v. Anastasia, 55 N.J. 2, 4-9 (1969); Kulbacki v. Sobchinsky, 38 N.J. 435, 444-447, 452 (1962).
We find defendant's fourth point to be without substance. It complains of the exclusion of a question put to its vice-president on direct examination. The exclusion was proper. The jury was concerned only with the contract the parties had made. The interpretation of that contract was for the court rather than the parties. Further, defendant suffered no prejudice from the exclusion of the specific question to which the court's ruling was directed.
We have considered the remaining points raised and find them to be without merit.
The judgment is affirmed.