RICHARD J. FITZMAURICE, PLAINTIFF-RESPONDENT, v. VAN VLAANDEREN MACHINE COMPANY, *ETC.*, DE-FENDANT-APPELLANT.

Argued December 8, 1970—Decided February 8, 1971.

*Mr. Albert G. Besser* argued the cause for appellant (*Messrs. Hannoch, Weisman, Stern & Besser,* attorneys).

*Mr. Charles E. Villanueva* argued the cause for respondent (*Messrs. Van Riper, Belmont & Villanueva,* attorneys).

PER CURIAM. This matter involves an alleged breach of contract for professional services. The plaintiff, Richard J. Fitzmaurice, a business consultant specializing in marketing and sales, entered into an employment contract with the defendant, Van Vlaanderen Machine Company (hereafter defendant), a manufacturer of printing presses, to provide business diagnosis and interim management for one year at $52,000. The terms of the contract which were embodied in a letter from plaintiff to defendant contained the following provision:

> \* \* \* I have agreed to release you from this contract three months from this date if at that time you do not find my work profitable. If this should occur, it is agreed that my fee will be $15,000.00 plus expenses. Otherwise the contract is to continue for one year.

Approximately three months thereafter, the defendant notified plaintiff that his services were terminated. Plaintiff instituted suit against defendant and its Vice-President, Peter Van Vlaanderen, as an individual, to recover the balance of the contract price, contending that the services rendered were profitable. Although the trial court dismissed the ac-

tion against Peter Van Vlaanderen, it submitted the issue of defendant's contractual liability to the jury, instructing the jurors to find for the plaintiff unless defendant had reasonable grounds for believing that plaintiff's work was unprofitable. The jury returned a verdict awarding plaintiff damages of $37,000 (the unpaid balance of the $52,000); on appeal the Appellate Division affirmed this judgment. *Fitzmaurice v. Van Vlaanderen Machine Co.*, 110 *N. J. Super.* 159 (*App. Div.* 1970). We granted certification on defendant's petition. 56 *N. J.* 476 (1970).

The defendant corporation raises several issues which in effect attack the theory upon which the case was tried. It is alleged that the trial court erred (1) by excluding certain parol evidence offered to explain the meaning of the allegedly ambiguous contract, (2) in denying defendant's motion for a directed verdict and deciding that defendant corporation had the burden of proving the existence of reasonable grounds for cancellation of the agreement, and (3) by erroneously instructing the jury concerning the burden of proof.

Initially, it should be observed that the case was tried on a theory recognized as the governing principle by both the plaintiff and the defendant. The term profit in the letter agreement was interpreted as synonymous with benefit, and the parties frequently indicated throughout the trial that the question of dollar profit was irrelevant. Moreover, the defendant recognized in its answer that the agreement was unambiguous, and that interpretation of the contract was solely within the province of the court. Both the trial court and the Appellate Division interpreted the agreement as a personal satisfaction contract dealing with a matter governed by objective standards as opposed to a contract involving personal taste, fancy, feeling, or sensitivity. See, generally, 17 *Am. Jur.* 2d, *Contracts,* §§ 366–67, *pp.* 808–11 (1964); Annotation, "Building Contract-Satisfactory Work," 44 *A. L. R.* 2d 1114, 1116–17 (1955). With respect to personal satisfaction contracts relating to matters such as operative fitness, utility or marketability and susceptible to ob-

jective standards, the New Jersey rule is that the promisor must have a reasonable basis for his dissatisfaction with the promisee's performance. See *Meyers v. Potoker*, 3 *N. J. Misc.* 450, 128 *A.* 601 (*Sup. Ct.* 1924). See also *Gerisch v. Herold*, 82 *N. J. L.* 605 (*E. & A.* 1912). This view comports with the majority rule prevailing in other jurisdictions. See, generally, 17 *Am. Jur.* 2d, *Contracts*, §§ 366–67, *pp.* 808–11 (1964); *Restatement, Contracts*, § 265 (1932); *American Music Stores v. Kussel*, 232 *F.* 306, 317 (6 *Cir.* 1916); *Greenberg v. Lumb*, 129 *N. Y. S.* 182 (*App. Div.* 1911); *Lockwood Mfg. Co. v. Mason Regulator Co.*, 183 *Mass.* 25, 66 *N. E.* 420 (*Sup. Ct.* 1903); *Patterson v. Alabama Vermiculite Corp.*, 149 *F. Supp.* 548 (*W. D. S. C.* 1957); *Hummel v. Stern*, 21 App. Div. 544, 48 *N. Y. S.* 528 (*App. Div.* 1897), aff'd 164 *N. Y.* 603, 58 *N. E.* 1088 (1900).

In effect the trial court charged the jury that the question for their resolution was "Did the defendant terminate the contract within the terms of the cancellation clause?" and that for defendant to prevail it must find that defendant sufficiently proved that in good faith it had a reasonable basis for dissatisfaction with the plaintiff's performance. We agree with the opinion of the Appellate Division that, considering the charge in its entirety, the law applicable to the theory upon which the case was tried, was accurately stated and the jury was not misled.

The appeal now projects issues not raised at the trial level, and in light of the fact that the case was tried within the principles recognized by all parties and resulted in what on the facts is a fair and just result, we see no reason to disturb the verdict.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.